Green, J.
delivered the opinion of the court.
The court, among other things, told the jury that “the mortgage vested in the plaintiff the right to immediate possession to the property in the mortgage deed, except the land; and that the mortgagor’s continuing in possession of any of the personal property any length of time after the execution of the mortgage, of the nature of this, including all his property of every description, would be prima facie evidence of fraud; and that such possession being inconsistent with the mortgage deed, would render it prima facie fraudulent; and that presumption must remain, unless the plaintiff has proven, that after the execution of the mortgage, he bona fide lent such property to the mortgagor or otherwise honestly possessed him of it.”
In that part of the above opinion of the circuit court, in which it is said, that if the mortgagor remained in *444 possession of the personal property after the execution of x a «/ the mortgage, such possession would be inconsistent with the mortgage deed, and would be prima facie evidence of fraud, we think there is error. It is true, as stated by the court, that the mortgagee has a right to the possion$-but if he does not take such possession, it amounts to a tacit agreement that the mortgagor shall retain it.
Chancellor Kent, (4 Com. 154, 2 Ed.) says, that there is usually in English mortgages a clause inserted in the mortgage, that until default in payment, the mortgagor shall retain possession. This, he says, was a very ancient practice, as early as the time of James I.; and if there be no such express agreement in the deed, it is the general understanding of the parties, and at this day, almost the universal practice, founded on a presumed or tacit assent. This practice has prevailed very extensively, if not universally, in this State. This court, on account of this general understanding of the country, in the case of Overton vs. Bigelow, (6 Yerger, 520) made the retaining possession by a bargainor, one of the reasons for construing a conveyance which was absolute on its face, to be a mortgage. The mortgagor in such case; is the tenant of the mortgagee, and holds the possession for him, (4 Kent’s Com. 156). As, therefore, the possession of the property by the mortgagor is held by the presumed assent of the mortgagee, it is the same thing as though there had been a clause in the mortgage deed, that until default of payment, the morgagor shall retain possession. It follows, therefore, that the possession so retained is not inconsistent with the deed, and consequently is no evidence of fraud. This view of the question is not inconsistent with the principles settled by this court in the case of Darwin vs. Handley (3 Yer. 502). In that case, Faris executed to Darwin the deed of trust in question, by which Darwin was authorized to sell any of the property mentioned in the deed to meet any of the demands embraced in it. It was necessary *445 for the trustee to have possession of tlie property in or-i i^ii i i i i ^ n • der to make the sale; and the court held, that as Jb aris continued in possession, it was prima facie fraudulent. Had the demands, to secure the payment of which the deed was made, been payable at some time subsequent to the date of the deed, and the power to sell had been given only on failure on the part of Faris to satisfy them when due, there is no reason, from any thing the court there say, to infer, that a possession between the date of the deed, and the failure of payment, would have been evidence of fraud. In the part of that case applicable to this question, the court only determine this principle: that where personal property is conveyed to secure the payment of debts, either by deed of trust or mortgage, if the party making the deed retain.possession after default in payment, it is evidence of fraud, as though the deed had been absolution its face. That principle is unaffected by the grounds assumed in the present case, and is undoubtedly correct.
The other ground of objection to the deed in the case of Darwin vs. Handley, and the ground upon which the court held the deed of the 26th July, 1820, in the case of Sommerville vs. Horton, (4 Yer. 549,) to be fraudulent, cannot apply to this case. Those deeds contained property, which, from the nature of things, would be consumed by the possessor, and which property consisted of provisions of daily use in the family. This fact of itself was evidence that each of those deeds vyas made, either in whole or in part, with a view to cover the property for the party’s own use, and thus hinder and delay creditors. That being the case, the statute of frauds pronounced them void; and it was in relation to this feature principally, in the deed of Faris, that the court, in Darwin vs. Handley, held that deed to be fraudulent.
This is not such a case. It is true, there are many small articles of but little value in this deed; but they are of a character that might have been preserved and *446 applied to the payment of the debts; and therefore, from its face, it cannot be pronounced to be fraudulent. The circuit court also told the jury in substance, that where possession remained with the mortgagor, thereby raising the presumption of fraud, “that such presumption must remain, unless the plaintiff has proven that, after the execution of the mortgage, he bona fide lent such property to the mortgagor, or otherwise honestly possessed him of it.”
In Callen vs. Thompson, (3 Yer. 478,) the court say as to absolute deeds, “If the possession continue with the vendor, the presumption of fraud arises from this strong evidence of it; but it is a presumption which may be repelled by proof of fairness in the transaction, and a full and adequate consideration paid.” This, we think, is the view in which this question ought to be presented to a jury in cases of absolute sales, and in cases of mortgage after default of payment, that they may be'left to decide, from all the proof, whether the presumption of fraud is repelled by evidence of fairness and adequate consideration.
Let the judgment be reversed, and the cause be remanded, to be again tried upon the principles contained in this opinion.
Judgment reversed.